IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Bryant Bernard Fuller, | ) | C/A No. 6:26-cv-00964-RMG-KFM |
| | ) | |
| Petitioner, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Scotty Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |

The petitioner, while a pretrial detainee[1] proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2241 seeking habeas relief.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.  For the reasons set forth below, it is recommended that the petitioner's § 2241 petition be dismissed without prejudice and without requiring the respondent to file an answer or return.

## **ALLEGATIONS**

This is an action filed by the petitioner, while a pretrial detainee at the Greenville County Detention Center (the "Detention Center") (doc. 1).  Of note, the petitioner's claims in this action appear related to the petitioner's charges brought by the South Carolina Attorney General through indictments issued by the State Grand Jury for money laundering, trafficking cocaine base, two counts of trafficking methamphetamine, possession with intent to distribute cocaine base, and possession of a weapon during a

---

[1] On April 2, 2026, the petitioner updated his address to the South Carolina Department of Corrections, so he is no longer a pretrial detainee (doc. 8).

violent crime.[2] *See* South Carolina Department of Corrections Incarcerated Inmate Search, https://public.doc.state.sc.us/scdc-public/ (enter the petitioner's first and last name) (last visited June 1, 2026). The petitioner pled guilty to the charges and transferred into the custody of the South Carolina Department of Corrections ("SCDC") shortly after filing this action. *Id*.

Ground one for relief in the petitioner's petition is deprivation of liberty without due process because he has been incarcerated for two years without a hearing (doc. 1 at 6). Ground two for relief is a *Brady*[3] violation because he has not been provided discovery (*id*.). Ground three is ineffective assistance of counsel because the petitioner's counsel has been a hindrance and is not working in the petitioner's best interest (*id*.). Ground four is fabrication of evidence (*id*. at 7).

The petitioner seeks to have his charges "remanded" to state court for proper adjudication and to require the state to prove their case instead of pushing him to plead guilty (*id*.).

### STANDARD OF REVIEW

The undersigned has reviewed the petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts; the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and other habeas corpus statutes. As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The mandated liberal construction means that if the court can reasonably read the pleadings to state a valid claim

---

[2] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

[3] *Brady v. Maryland*, 373 U.S. 83 (1963).

on which the petitioner could prevail, it should do so. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### **DISCUSSION**

Here, as noted above, the petitioner seeks to ensure the state will have to "prove they have a case on" him (doc. 1). For the reasons that follow, the instant matter should be dismissed. As an initial matter, as noted above, the petitioner pled guilty to his pending charges shortly after submitting his habeas petition to this court. *See* South Carolina Department of Corrections Incarcerated Inmate Search (enter the petitioner's first and last name) (last visited June 1, 2026). Because the petitioner's charges are no longer pending, it appears that his requests for habeas relief in this action are moot as he is no longer entitled to request relief relating to his pending charges. Further, any petition brought under § 2254 would be premature as the petitioner has not exhausted his state court remedies relating to his convictions. Nevertheless, the undersigned will also address the petitioner's petition as if his charges were still pending.

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions of custody and seek immediate release. *See, e.g.*, *Preiser*, 411 U.S. at 484–85. A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *but only after fully exhausting the available state court remedies*. 28 U.S.C. § 2241(c)(3) (emphasis added); *See United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (noting that "[u]ntil the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotations omitted)); *see also Jones v. Perkins*, 245 U.S. 390,

391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Watkins v. Cartlege*, C/A No. 3:13-cv-01129-CMC, 2013 WL 3282913, at *4 (D.S.C. June 26, 2013) ("Hence, pretrial detainees involved in state criminal proceedings who seek to bring challenges to their custody pursuant to § 2241, as well as state prisoners who seek to challenge their custody on any basis that may properly be raised pursuant to § 2241, must first exhaust their state-court remedies before seeking federal habeas corpus relief."). Additionally, a petitioner must show the existence of special circumstances to justify federal intervention. *Johnson v. Salmon*, C/A No. 7:22-cv-00081, 2022 WL 446033, at *1 (W.D. Va. Feb. 14, 2022) (internal citations omitted).

Here, as noted above, at the time this action was filed, the petitioner's criminal charges were still pending. Further, the petitioner has not asserted in his petition that he has exhausted his remedies in the trial and appellate courts. For example, the publicly available filings with the South Carolina Court of Appeals and the South Carolina Supreme Court do not reflect any filing by the petitioner seeking relief based upon the allegations raised in the instant matter. As such, the petitioner has not exhausted his remedies in the state trial and appellate courts, and as outlined below, has alleged no exceptional circumstances sufficient to excuse this failure. Thus, the undersigned recommends dismissal of the petition without prejudice.

Alternatively, the court may not proceed with this action because federal courts cannot interfere with a state's pending criminal proceedings, absent extraordinary circumstances. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* noted that courts of equity should not act unless the moving party has no adequate

remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–45; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, at the time this action was filed, the first criterion was met, as the petitioner was involved in ongoing state criminal proceedings. As for the second criterion, the Supreme Court has stated that the "States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Here, the petitioner had the opportunity to argue in the South Carolina state court proceedings that he was innocent of the charges, there had been discovery violations, and his counsel was ineffective. In light of the foregoing, the petitioner has not made a showing of "extraordinary circumstances" justifying federal interference with the state proceedings. *See Robinson v. Thomas*, 855 F.3d 278, 286 (4th Cir. 2017) ("A federal court may disregard *Younger's* mandate to abstain from interfering with ongoing state proceedings only where 'extraordinary circumstances' exist that present the possibility of irreparable harm."). In examining extraordinary circumstances, federal courts have essentially analyzed whether procedures exist which would protect a petitioner's

5

constitutional rights without pretrial intervention – meaning no extraordinary circumstances are shown where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, such as the grounds for relief raised by the petitioner in this action.  Therefore, this court should abstain from hearing this action.

### RECOMMENDATION

The undersigned is of the opinion that the petitioner cannot cure the defects identified above by amending his petition.  Therefore, the undersigned recommends that the district judge dismiss this action without requiring the respondent to file an answer or return.[4]  *See Britt v. DeJoy*, 45 F.4th 790, 2022 WL 3590436 (4th Cir. Aug. 17, 2022) (mem.) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").  ***The petitioner's attention is directed to the important notice on the next page.***

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

June 1, 2026
Greenville, South Carolina

---

[4] The petitioner cannot cure the deficiencies noted herein at this time; however, dismissal without prejudice is recommended because the Court of Appeals has held that dismissals for lack of subject-matter jurisdiction must be without prejudice.  *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).