## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bryant Bernard Fuller, | Case No. 6:26-cv-964-RMG |
| Petitioner, | |
| v. | ORDER |
| Scotty Bodiford, | |
| Respondent. | |

This matter is before the Court upon the Report and Recommendation (R&R) of the Magistrate Judge (Dkt. No. 17), recommending that Petitioner's petition for habeas relief be dismissed without prejudice and without requiring respondent to file an answer or return. Petitioner, acting pro se, has filed objections to the R&R. (Dkt. No. 19).

## I.   Background

At the time Petitioner filed his habeas petition he was a pretrial detainee. (Dkt. No. 17 at 1). Petitioner's claims appeared to be related to charges brought by the South Carolina Attorney General for money laundering, trafficking cocaine base, two counts of trafficking methamphetamine, possession with intent to distribute cocaine base, and possession of a weapon during a violent crime. (*Id.* at 1-2). Shortly after filing this action, Petitioner pled guilty to the charges. (*Id.*).

On June 1, 2026, the Magistrate Judge issued an R&R recommending that this Court dismiss the petition for lack of subject matter jurisdiction. The R&R noted: "Because the petitioner's charges are no longer pending, it appears that his requests for habeas relief in this action are moot as he is no longer entitled to request relief relating to his pending charges. Further, any petition brought under § 2254 would be premature as the petitioner has not exhausted his state

1

court remedies relating to his convictions." (*Id.* at 3). The R&R also noted that proceeding with this action would likely violate *Younger v. Harris*, 401 U.S. 37 (1971). (*Id.* at 4-7).

Petitioner filed objections to the R&R. (Dkt. No. 19 at 1). Petitioner states that his guilty plea was entered "with the understanding that I would be able to enter a direct appeal." (*Id.*). Petitioner further argues that that he was coerced into pleading guilty. (*Id.*). Petitioner does not, however, specifically object to any portion of the R&R.

This matter is now ripe for review.

## II.   Legal Standard

### A.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the petitioner fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court

can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.     Discussion

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Petitioner's petition must be dismissed. First, the requested relief is moot. R&R, (Dkt. No. 17 at 3) (noting that because Petitioner pled guilty to charges pending at time of filing petition he was "no longer entitled to request relief relating to the pending charges"). Further, any § 2254 claims are clearly premature as Petitioner has not exhausted his state court remedies relating to these convictions. *See Watkins v. Cartlege*, No. CA 3:13-1129-CMC-JRM, 2013 WL 3282913, at *4 (D.S.C. June 26, 2013) ("Hence, pretrial detainees involved in state criminal proceedings who seek to bring challenges to their custody pursuant to § 2241, as well as state prisoners who seek to challenge their custody on any basis that may properly be raised pursuant to § 2241, must first exhaust their state-court remedies before seeking federal habeas corpus relief."); *Id.* at *3 ("[Petitioner's] sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies.").

In sum, the Court finds that the Magistrate Judge's recommendation that Petitioner's petition be dismissed without prejudice was correct.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability ... shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.2d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

## IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 17) as the Order of the Court and dismisses this petition without prejudice without requiring respondent to file an answer or a return. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

June 29, 2026
Charleston, South Carolina